IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN A. DUCKSWORTH,

               Plaintiff,

v.

JAMIE BOEHM, JACOB MURPHY, and
JOSHUA MARCIULIONIS,

               Defendants.

OPINION AND ORDER

23-cv-23-wmc

Brian Ducksworth, who is currently incarcerated at Oshkosh Correctional Institution and representing himself, brings this lawsuit against three Jackson Correctional Institution ("Jackson") correctional officers for failing to protect him from being assaulted by another inmate. The court previously granted Ducksworth leave to proceed on Eighth Amendment failure-to-protect claims against all three defendants. Defendants have since moved for summary judgment, which the court will grant due to plaintiff's failure to advance sufficient evidence for a reasonable jury to find defendants acted with deliberate indifference to the risk of an assault, as well as defendants' entitlement to qualified immunity on the undisputed facts here. Defendants also ask the court to impose a strike on plaintiff pursuant to 28 U.S.C. § 1915(g), which the court will deny.

UNDISPUTED FACTS[1]

At all times relevant to this lawsuit, plaintiff Ducksworth was an inmate in the custody of the Wisconsin Department of Corrections ("DOC") at Jackson, where

---

[1] Unless otherwise noted, the facts drawn from the parties' proposed findings of fact are undisputed when viewed in a light most favorable to Ducksworth as the non-moving party.

defendants Jamie Boehm, Jacob Murphy and Joshua Marciulionis were correctional officers employed by the DOC.

On November 30, 2022, the defendants were all working in the inmate dining room at Jackson when an inmate punched Ducksworth. However, none of the defendants were aware of any hostility between Ducksworth and that inmate before a verbal dispute broke out in the dining room that day. (Murphy Decl. (dkt. #36) ¶ 6; Boehm Decl. (dkt. #37) ¶ 6; Marciulionis Decl. (dkt. #38) ¶ 6.) While Ducksworth purports to dispute this fact, pointing to a November 29, 2022, incident report stating that Ducksworth and the inmate who eventually attacked him had gotten into an argument (Pl.'s Ex. 1 (dkt. #45-1) at 1), he points to no evidence that the defendants responded to that incident or authored the report, nor to any other evidence of any of the three defendants having seen the November 29th report before the November 30th fight. Thus, plaintiff has not properly disputed defendants' statements that they were unaware of any hostility between Ducksworth and the other inmate. As importantly, even if a basis existed for a reasonable jury to find that defendants had somehow seen the report, it was insufficiently specific for a jury to find them on notice of a risk to Ducksworth of an actual assault, as he only reported that the other inmate had "spaz[zed] out" on him, wanted to move rooms, and asked plaintiff if he had a problem. (*Id.*) *Cf. Balsewicz v. Pawlyk*, 963 F.3d 650, 655 (7th Cir. 2020) (official's knowledge could be inferred from inmate's complaint "so long as the complaint identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant" (quotation marks omitted)).

Regardless, when the verbal dispute began, Officer Murphy was standing with his fellow officers, Boehm and Marciulionis, when he noticed an argument beginning between

2

Ducksworth and another inmate, prompting Murphy to move towards them. For his part, and citing to security camera footage, Ducksworth asserts that all three defendants just "stood there" while the other inmate yelled threats at him.[2] Regardless, as Officer Murphy reached Ducksworth, the other inmate threw a punch at Ducksworth, and Murphy grabbed the other inmate before he could throw a second punch. Moreover, security camera footage shows that 14 seconds elapsed between the other inmate approaching Ducksworth and Murphy stopping the fight. (Defs.' Ex. 1000 (Dkt. #35-1).)

Officer Murphy then moved the other inmate to the far side of the dining room to keep him away from Ducksworth, where Officer Boehm helped secure and handcuff the other inmate. At roughly the same time, Marciulionis grabbed Ducksworth and moved him away from the other inmate. (Marciulionis Decl. (dkt. #38) ¶ 7.) Ducksworth suffered ongoing severe headaches and anxiety from the punch. (Ducksworth Decl. (dkt. #48) ¶ 1.)

OPINION

Defendants move for summary judgment on plaintiff's Eighth Amendment claims. A party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact, and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, if the moving party makes that showing beyond a reasonable dispute, then the non-moving party must provide contrary evidence "on which the jury could reasonably find for the

---

[2] The security camera footage does not have audio, so the court will assume for purposes of summary judgment (but cannot confirm) that the other inmate was yelling at Ducksworth. (Defs.' Ex. 1000 (Dkt. #35-1).)

3

nonmoving party" to survive summary judgment. *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009) (alteration adopted and quotation marks omitted).

I. **Failure to Protect**

Within reason, the Eighth Amendment generally requires correctional officials to protect inmates from serious harm by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In particular, a prison official may be found liable for one prisoner's attack on another prisoner if: (1) the official was aware of "a substantial risk of serious harm to the prisoner who was attacked" *and* (2) the prison official acted with "deliberate indifference to the health or safety of the prisoner." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). Said another way, a prison official may be found deliberately indifferent under the Eighth Amendment if he "subjectively knew about the risk, and did not take reasonable measures to abate it." *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018).

Here, even assuming that there was a substantial risk of harm to plaintiff, no reasonable jury could find that defendants acted with deliberate indifference when Officer Murphy stopped the fight just seconds after the dispute started and after just one punch had landed, and shortly thereafter, Officers Boehm and Marciulionis helped separate plaintiff and the other inmate. *Lytle v. Gebhart*, 14 F. App'x 675, 679 (7th Cir. 2001) (prison official was not deliberately indifferent when he "immediately acted to take control of the situation when the fight erupted" and separated the prisoners "within seconds"). Indeed, the seconds-long gap between the start of the inmates' verbal dispute, much less their brief fight, and defendants' intervention falls well short of establishing deliberate indifference. *E.g.*, *Giles*, 895 F.3d at 514 (no deliberate indifference where one officer called

4

for backup after inmate-on-inmate assault occurred, then acted to restore order in "just a few minutes").

While plaintiff argues that the defendant officers could have reacted sooner -- specifically, at the exact moment when the other inmate threatened him while walking toward him -- the entire incident lasted about 14 seconds, and the "Constitution does not require correctional officers to have cat-like reflexes." *Young v. Dart*, No. 17-CV-1914, 2021 WL 3633927, at *6 (N.D. Ill. Aug. 17, 2021). Plaintiff also submitted declarations from other inmates who attest that they heard the other inmate threaten to kill plaintiff, then proceeded to assault him while defendants did nothing. (Ex. 5 (dkt. #45-4).) However, it is nonetheless undisputed for purposes of summary judgment that Officer Murphy grabbed the other inmate and stopped the fight before the other inmate could even throw a second punch.[3] Indeed, the security video footage of the events conclusively shows that Murphy acted within seconds of the fight beginning.

## II. Qualified Immunity

Even if sufficient evidence existed for a reasonable jury to find that one or all three defendants acted with deliberate indifference to a known, substantial risk of serious harm to plaintiff by another inmate, defendants also contend that they are entitled to qualified immunity because their quick intervention did not violate a clearly established right. Qualified immunity protects government officials from liability for damages unless they "violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457

---

[3] Plaintiff also appears to assert that other, unidentified prison officials later improperly placed him and the inmate who punched him in the same unit (Ducksworth Decl. (dkt. #48) ¶ 9), but the court did not allow him leave to proceed on that claim. (Dkt. #13.)

5

U.S. 800, 818 (1982).  Once the defense of qualified immunity is raised, plaintiff bears the burden of defeating it by showing that (1) the defendant violated a constitutional right; and (2) the constitutional right was clearly established at the time of the violation.  *Garcia v. Posewitz*, 79 F.4th 874, 879 (7th Cir. 2023).  Plaintiff can meet this burden by pointing to either: (1) a closely analogous, binding case decided in his favor, or (2) a more general constitutional rule that applies "with obvious clarity" to defendants' particular conduct. *Cibulka v. City of Madison*, 992 F.3d 633, 639-40 (7th Cir. 2021).  To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

Plaintiff has not overcome defendants' assertion of qualified immunity on the facts here because, as discussed above, he has not shown a constitutional violation at all, much less the violation of a clearly established right.  *E.g.*, *Lytle*, 14 F. App'x at 679; *Giles*, 895 F.3d at 514.  Indeed, plaintiff has been able to cite no authority -- nor is the court aware of any -- clearly establishing that prison officials violate the Eighth Amendment merely by taking a few seconds to respond to a fight that was, at most, possible but not likely, until a threat of physical violence was uttered just seconds before.  Therefore, defendants are entitled to summary judgment on the alternative ground of qualified immunity on the undisputed evidence of record before the court.

## III. Strike Request

Finally, the defendant officers assert that plaintiff's lawsuit was frivolous and malicious, asking the court to impose a strike pursuant to 28 U.S.C. § 1915(g). (Dkt. #33, at 2-3.)  Specifically, defendants assert that plaintiff lied about them violating his

constitutional rights.  Section 1915(g) restricts a prisoner's ability to proceed *in forma pauperis* if he has had three or more previous lawsuits "dismissed on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." While security camera footage contradicts plaintiff's claim that defendants failed to protect him, the court is unprepared to find that plaintiff's lawsuit was frivolous or malicious, particularly when plaintiff did not have the benefit of viewing the footage at the time he filed the lawsuit.  Thus, the court will not impose a strike.

ORDER

IT IS ORDERED that:

1) Defendants Jamie Boehm's, Jacob Murphy's and Joshua Marciulionis's motion for summary judgment (dkt. #32) is GRANTED.

2) Defendants' motion for the court to impose a strike pursuant to 28 U.S.C. § 1915(g) is DENIED.

3) The clerk of court is directed to enter judgment for the defendants and close this case.

Entered this 21st day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge